```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
 FRANKLYN PICHARDO,                     :      14cv10298(DLC)
                        Movant,         :      00cr46-05 (DLC)
                                        :
         -v-                            :      MEMORANDUM
                                        :      OPINION & ORDER
 UNITED STATES OF AMERICA,              :
                        Respondent.     :
                                        :
----------------------------------------X
```

DENISE COTE, District Judge:

On December 31, 2014, Franklyn Pichardo filed a petition for a writ of error coram nobis pursuant to 28 U.S.C. § 1651. For the following reasons, the petition is denied.

## BACKGROUND

Following a plea of guilty, Pichardo was sentenced on October 20, 2000 principally to eighteen months' imprisonment to be followed by supervised release for a period of one year. This reflected a sentence at the lowest end of Pichardo's guidelines range. As conditions of supervised release, the judgment of conviction ordered the defendant to cooperate with the Immigration and Naturalization Service ("INS") and to not unlawfully reenter the country if deported. The presentence report indicated that the defendant was a citizen of the Dominican Republic and had recommended cooperation with the INS as a special condition of supervised release.

At the sentencing proceeding, Pichardo was advised of his right to appeal, but filed no appeal. Nor did Pichardo file a petition for a writ of habeas corpus.

Pichardo reports that he was removed from the United States to the Dominican Republic in May 2001, and that he unlawfully reentered the United States in 2007. Pichardo explains that he was arrested on March 11, 2014 in the District of Rhode Island for possession of heroin with the intent to distribute it. He wishes to attack the conviction before this Court because the conviction will affect the offense level and criminal history category in any guidelines calculation in the event he is convicted in the federal court in Rhode Island.

Therefore, approximately fourteen years following the imposition of sentence, Pichardo has filed the instant petition. The petition essentially makes three arguments. First, Pichardo complains that he was not advised during the proceeding in which he entered his plea of guilty that deportation was a possibility. Second, Pichardo complains that his appointed counsel avoided answering Pichardo's questions about the implications of a conviction for deportation. Third, he argues that his attorney was ineffective in failing to keep Pichardo sufficiently informed about his case in advance of his meeting with the Government during a proffer session that preceded the entry of his plea of guilty.

2

The Government has opposed this petition.  Pichardo has not replied to the Government's opposition.

## DISCUSSION

There is no statute of limitations on the filing of a <u>coram nobis</u> petition.  <u>Kovacs v. United States</u>, 744 F.3d 44, 54 (2d Cir. 2014).  But, a petitioner much show justifiable reasons for the delay.  In addition, the writ is strictly limited to errors "of the most fundamental character".  <u>Foont v. United States</u>, 93 F.3d 76, 78 (2d Cir. 1996).  Since the proceedings leading to conviction "are presumed to be correct," the burden rests on the petitioner to show otherwise.  <u>Id.</u> at 78-79.  The petition must demonstrate that there are circumstances compelling action to achieve justice, that sound reasons exist for the failure to seek earlier relief, and that he continues to suffer the legal consequences from his conviction that may be remedied by granting the writ.  <u>Id.</u> at 79.

Assuming without deciding that Pichardo has adequately explained his delay in bringing this petition, the petition is nonetheless denied for his failure to show any fundamental error in his conviction in this district.  Pichardo had no right to be informed by the Court in 2000 about the immigration consequences of his entry of a plea of guilty.  <u>Zhang v. United States</u>, 506 F.3d 162, 167 (2d Cir. 2007).  Similarly, defense counsel's failure to inform a non-citizen in 2000 that a guilty plea would

3

result in removal is not a basis upon which post-conviction relief can be granted.  Chaidez v. United States, 133 S. Ct. 1103, 1112-13 (2013); Chhabra v. United States, 720 F.3d 395, 406 (2d Cir. 2013).  Finally, during his plea allocution, Pichardo advised the Court that he had had a sufficient opportunity to discuss with his attorney his case, the charge against him, any defenses to that charge, and the consequences of a plea.  Pichardo also represented that he was satisfied with the representation that his attorney had provided him.  The deficiencies in his attorney's performance of which Pichardo now complains would have been apparent to him at the time he entered his plea of guilty.  Consequently, Pichardo's representations to the Court, given under oath, foreclose a finding at this stage that his attorney provided the ineffective assistance alleged in the petition.

## CONCLUSION

Pichardo's December 31, 2015 petition and February 23, 2015 application for appointment of counsel are both denied.  In addition, a certificate of appealability shall be not granted.  The petitioner has not made a substantial showing of a denial of a federal right and appellate review is, therefore, not warranted.  Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion

and Order would not be taken in good faith.  <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  The Clerk of Court shall close the case.

Dated:   New York, New York
         July 1, 2015

                                                DENISE COTE
                                       United States District Judge